IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FEDLAIRE ARISTIDE,
    *Plaintiff*,

v.

LYNK CAPITAL LLC, *et al.*,
    *Defendants.*

Case No. 25-cv-2934-ABA

**MEMORANDUM OPINION and ORDER**

Self-represented Plaintiff Fedlaire Aristide alleges violations of his civil rights under federal law and the U.S. Constitution relating to the foreclosure and sale of his home. The Court will, on its own initiative, dismiss the complaint for failure to state a claim and lack of subject matter jurisdiction.

**I.    BACKGROUND**

Mr. Aristide claims that his property was foreclosed upon and sold under "conditions that lacked transparency, impartiality, and judicial review." ECF No. 1 at 1. The complaint names three defendants: Lynk Capital LLC ("Lynk Capital"), the "private lender that initiated foreclosure proceedings"; Allan P. Feigelson, "legal counsel for Lynk Capital LLC and the substitute trustee who executed the foreclosure sale"; and Pacific RBLF REO, LLC, "the entity that acquired Plaintiff's property through the foreclosure sale." *Id.* ¶¶ 4–6. Mr. Aristide alleges that the foreclosure took place even though he submitted proof of certain payments to Lynk Capital. *Id.* ¶ 7. Mr. Aristide also notes that he filed several motions in state court challenging the sale and providing "evidence of service irregularities, sale deceit, and residency," but that his filings were denied and he was issued an eviction notice for the sold property, where he was still

1

residing. *Id.* ¶¶ 7–10. The complaint references the underlying state case in the Circuit Court for Baltimore City (Case No. 24-O-23000708). *Id.* ¶ 11.

The complaint asserts two counts: "violation of due process" pursuant to 42 U.S.C. § 1983 and "declaratory relief" under 28 U.S.C. § 2201. *Id.* at 3. Mr. Aristide has also requested a temporary restraining order and preliminary injunction to prevent his eviction and stay enforcement of the foreclosure sale. *Id.*; *see also* ECF No. 2 (motion for temporary restraining order); ECF No. 8 (renewed motion for temporary restraining order). Mr. Aristide has also filed two supplements to his motions and a request for a hearing, all of which the Court has reviewed. ECF Nos. 5, 6, 9.

## II.   DISCUSSION

A civil complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the pleadings of self-represented litigants must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), liberal construction does not mean that the Court can ignore a clear failure to allege facts that set forth a plausible claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view . . . pro se complaints does not transform the court into an advocate."). "[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014)[1]; *accord Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power

---

[1] In this case, Mr. Aristide has paid the filing fee.

to do so even in the absence of this statutory provision."). "[B]ecause a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." *Chong Su Yi*, 554 F. App'x at 248. "A 'frivolous' complaint is one lacking an arguable basis either in law or in fact." *Nolan v. Bright*, Case No. 22-cv-196-DKC, 2022 WL 717048, at *1 (D. Md. Mar. 10, 2022).

Even reading the complaint with deference to Mr. Aristide, the Court has failed to find any non-frivolous basis for any cause of action.

Mr. Aristide's first count is for violation of his due process rights and is brought under 42 U.S.C. § 1983, which provides a private right of action to sue a "person" acting "under color of" state law who "deprive[s]" a plaintiff of rights guaranteed by the U.S. Constitution or federal law. "To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a 'person acting under the color of state law.'" *Nolan*, 2022 WL 717048, at *3 (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Plaintiffs may only sue state officials under section 1983 and cannot sue a private party, unless the private party acts with such a "close nexus" to the state that they "may fairly be said to be a state actor." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (quotations omitted). Defendants here, one private attorney and two companies, are private actors. Mr. Aristide alleges that the Defendants acted under color of state law because they "execut[ed] foreclosure and eviction through judicial process." ECF No. 1 ¶ 13. But private actors do not become state actors merely by participating in foreclosure proceedings. *See Nolan*, 2022 WL 717048, at *3 (dismissing section 1983 claims against "private attorneys" who were involved in a foreclosure because they were not acting under color of state law); *Sikes v. Ward*, Case No. 16-cv-4108-TDC, 2017 WL 6055686,

at *3 (D. Md. Dec. 6, 2017) ("Because the Substitute Trustees are private parties who are unaffiliated with any federal, state, or local government entity and who were not acting on behalf of any government, § 1983 does not apply to their conduct."). Mr. Aristide's section 1983 claims are against private actors, so they lack any arguable basis in fact or law and must be dismissed.

Mr. Aristide's second claim is under 28 U.S.C. § 2201, a provision of the Declaratory Judgment Act. "Under the Declaratory Judgment Act, a district court, in 'a case of actual controversy within its jurisdiction . . . *may declare* the rights and other legal relations of any interested party seeking such declaration.'" *Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 201 (4th Cir. 2019) (quoting 28 U.S.C. § 2201(a)). But under a different statute, the Anti-Injunction Act, the Court may not enjoin state proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "Relief barred by the Anti-Injunction Act is also unavailable by way of declaratory judgment." *McKinney v. Maryland*, Case No. 23-cv-1430-PX, 2023 WL 4236195, at *1 (D. Md. June 28, 2023) (citing *Samuels v. Mackell*, 401 U.S. 66, 73 (1971)). None of the exceptions enumerated in the Anti-Injunction Act apply here: a declaratory judgment staying the state case is not necessary to aid federal jurisdiction or protect this Court's judgments, and no act of Congress specifically authorizes intervention. This Court therefore lacks authority to issue a declaratory judgment that would effectively enjoin the state foreclosure and eviction proceedings. *See id.* (declining to issue a declaratory judgment in a factually similar case challenging foreclosure). Even if the Court's authority were not curtailed by the Anti-Injunction Act, it would still decline to interfere with the Circuit Court's administration of a state law property issue as a matter of comity. *See*

4

*Trustgard*, 942 F.3d at 201 ("'In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and judicial administration.' . . . [E]ven where jurisdiction is not discretionary, courts may abstain from exercising jurisdiction under certain circumstances that may intrude on the prerogative of state courts) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289–90 (1995)). The Court will dismiss Mr. Aristide's declaratory judgment count as well.

### III.   CONCLUSION AND ORDER

For the reasons stated above, the motions for a temporary restraining order (ECF Nos. 2 and 8) are DENIED, and the case is DISMISSED. The Clerk of Court is directed to mark this case as CLOSED.

Date:  January 28, 2026

/s/
Adam B. Abelson
United States District Judge